Seth WARD, Appellee,

v.

**RESOLUTION TRUST CORPORATION, as Receiver for Madison Guaranty Savings & Loan Association; Madison Financial Corporation, Appellants.**

No. 91–3015.

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1992.

Decided July 30, 1992.

Robert P. Fletcher, Washington, D.C., argued (Glenn Harrison, Tulsa, Okl., Daniel H. Kurtenbach, Washington, D.C., Michael G. Thompson & Harry A. Light, Little Rock, Ark., Panos S. Midis & Deborah A. Savarese, Washington, D.C., on the brief), for appellants.

Joe Thomas Ray, Little Rock, Ark., argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, FAGG and MAGILL, Circuit Judges.

FAGG, Circuit Judge.

The Resolution Trust Corporation (RTC) and Madison Financial Corporation (Madison Financial) appeal the district court's order entering judgment for Seth Ward. We reverse and remand.

Ward sued his employer, Madison Guaranty Savings & Loan Association (Madison Guaranty), and Madison Financial, a wholly owned subsidiary of Madison Guaranty, in Arkansas state court for unpaid real estate sales commissions. The state trial court entered judgment in favor of Ward. Madison Financial and Madison Guaranty appealed to the state court of appeals.

While the state appeal was pending, the Federal Home Loan Bank Board declared Madison Guaranty insolvent and appointed the Federal Savings and Loan Insurance Corporation (FSLIC) as Madison Guaranty's conservator. The RTC succeeded FSLIC as Madison Guaranty's conservator under 12 U.S.C. § 1464(d)(2)(H)(ii) (Supp.II 1990), and the RTC later became receiver for Madison Guaranty. The RTC removed this case to federal district court, and we held the removal was proper. *Ward v. Resolution Trust Corp.*, 901 F.2d 694, 695 (8th Cir.1990).

The RTC and Madison Financial then filed a motion in the state court of appeals seeking to obtain the state court record to use in the federal district court. Ward

resisted this motion and asked the state appellate court to dismiss the state appeal or, alternatively, affirm the state trial court judgment. The RTC and Madison Financial responded to Ward's motion contending the removal to federal court divested the state appellate court of jurisdiction. The state court of appeals denied the RTC and Madison Financial's motion and dismissed the appeal. The RTC and Madison Financial did not appeal this order further in the state judicial system.

Following the state appellate court's order, the RTC and Madison Financial filed a motion under Federal Rule of Civil Procedure 60(b) requesting that the district court vacate the state trial court judgment and reconsider the issues in light of their newly-raised defenses based on 12 U.S.C. §§ 1821(d)(9), 1823(e) (Supp. II 1990), and *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). The district court denied the RTC and Madison Financial's motion and entered judgment for Ward consistent with the state trial court judgment.

■ On appeal, the RTC and Madison Financial contend only the district court had jurisdiction once the case was removed to federal court, thus making the state appellate court's dismissal order void. We agree. The district court gained jurisdiction when the RTC and Madison Financial properly removed the case to federal court pending the state appeal. *Ward*, 901 F.2d at 695; *see In re Meyerland Co.*, 960 F.2d 512, 516 (5th Cir.1992) (en banc); *In re Savers Fed. Sav. & Loan Ass'n*, 872 F.2d 963, 966 (11th Cir.1989). After removal, only the federal district court could restore jurisdiction to the state courts. *Steamship Co. v. Tugman*, 106 U.S. 118, 122, 1 S.Ct. 58, 60, 27 L.Ed. 87 (1882). Thus, the state court of appeals could proceed no further, 28 U.S.C.A. § 1446(d) (West Supp.1992), making its dismissal of the state appeal void, *see, e.g., Steamship*, 106 U.S. at 122, 1 S.Ct. at 60; *Metropolitan Casualty Ins. Co. v. Stevens*, 312 U.S. 563, 566, 61 S.Ct. 715, 717, 85 L.Ed. 1044 (1941).

■ Ward nevertheless asserts several reasons why we should give effect to the state appellate court's order. Ward asserts the RTC and Madison Financial's failure to appeal the order precludes them from attacking the order in the district court. We disagree. The state appellate court's order dismissing the state appeal was void, and the RTC and Madison Financial had no need to appeal the order further in the state courts. *Steamship*, 106 U.S. at 123, 1 S.Ct. at 61.

■ Ward next asserts res judicata bars the RTC and Madison Financial from relitigating the issues. We disagree. Because the state appellate court's order dismissing the state appeal is void, the state court judgment lacks preclusive effect as a final judgment. "[I]t is axiomatic that, before a judgment can have issue preclusive effect under the doctrines of either res judicata or collateral estoppel, that judgment must be *valid.*" *Davis v. Chevy Chase Fin. Ltd.*, 667 F.2d 160, 172 (D.C.Cir.1981).

■ Ward also asserts the RTC and Madison Financial waived federal jurisdiction by their postremoval conduct in the state court of appeals. *Cf. Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir.1986) (waiving right to remove by defending an action in state court). The RTC and Madison Financial requested a release of the record in an attempt to transfer the record to federal court. The motion did not request a ruling on the merits of the appeal or an abandonment of federal jurisdiction. If the motion were improper or filed in the wrong court, the state court of appeals simply could have denied the motion as it did. The state court of appeals did not consider the merits of the appeal. When Ward filed his motion to dismiss the state appeal or affirm the state judgment, the RTC and Madison Financial responded that jurisdiction was in the federal court. Given these circumstances, we conclude the RTC and Madison Financial did not waive federal jurisdiction. Thus, the district court had jurisdiction to consider the merits of

Ward's claim in light of the RTC and Madison Financial's newly-raised defenses.

■ The RTC and Madison Financial contend Ward's claim for real estate sales commissions is based on an unrecorded side agreement barred by *D'Oench* and section 1823(e). These defenses are available to the RTC as receiver, but were not available to Madison Guaranty or Madison Financial during the state trial. *See, e.g., Resolution Trust Corp. v. McCrory*, 951 F.2d 68, 71 (5th Cir.1992), *petition for cert. filed*, 60 U.S.L.W. 3816 (U.S. May 11, 1992) (No. 91–1842). Ordinarily, defenses not raised at the trial level are lost. *Gregory v. Honeywell, Inc.*, 835 F.2d 181, 184 (8th Cir.1987). This rule, however, is one of prudence and discretion. *Struempler v. Bowen*, 822 F.2d 40, 42 (8th Cir.1987). The RTC did not become a party and had no opportunity to raise the *D'Oench* and section 1823(e) defenses until after the state trial. In these circumstances, the RTC can properly raise these defenses after removal in its Rule 60(b) motion. *See In re 604 Columbus Ave. Realty Trust*, 968 F.2d 1332, 1343–44 (1st Cir. 1992); *Meyerland*, 960 F.2d at 519; *Baumann v. Savers Fed. Sav. & Loan Ass'n*, 934 F.2d 1506, 1512–13 (11th Cir. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1936, 118 L.Ed.2d 543 (1992).

Because the district court has not addressed the RTC's newly-raised defenses and Ward's contentions these defenses do not apply, and our review of the record discloses several factual disputes the district court must first address, we reverse and remand to the district court for further proceedings consistent with this opinion.