Submitted on record and briefs August 29, 1997, affirmed February 11, 1998

PACIFIC SPRUCE CORPORATION,
an Oregon corporation,
*Respondent,*

*v.*

CITY OF YACHATS,
a municipal corporation;
and Grethe A. Cooper,
*Defendants,*

*and*

Robert KISELOSKY,
*Appellant.*

(935266; CA A95736)

952 P2d 575

Robert Kiselosky filed the briefs *pro se.*

Philip A. Hingson and The Law Firm of Dennis L. Bartoldus filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

PER CURIAM

## PER CURIAM

Defendant Kiselosky appeals from an order setting aside a judgment of dismissal. The trial court had dismissed the case after the City of Yachats had removed it to federal court. The federal court subsequently remanded the case to state court, which then entered the order setting aside the dismissal from which Kiselosky appeals. We affirm.

The federal removal statute, 28 USC § 1446, provides, in relevant part:

"(d) Promptly after the filing of * * * notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of [the] State court, which shall effect the removal *and the State court shall proceed no further unless and until the case is remanded.*"

(Emphasis supplied.) After the case was removed to federal court, the state court had no jurisdiction over it and, therefore, no jurisdiction to dismiss it. "After removal, 28 USC § 1446(d) *prohibits any proceedings* in the state court unless and until the case is remanded." *Resolution Trust Corp. v. Bayside Developer*, 43 F3d 1230, 1238 (9th Cir 1994) (emphasis supplied). That is not a new concept:

"Upon filing, therefore, of the petition and bond [for removal,] the jurisdiction of the State court absolutely ceased and that of the [district] court of the United States immediately attached. The duty of the State court was to proceed no further in the cause. Every order thereafter made in that court was *coram non judice* unless its jurisdiction was actually restored."

*Steamship Co. v. Tugman*, 106 US (16 Otto) 118, 122, 1 S Ct 58, 27 L Ed 87 (1882). The trial court did not err in setting aside the judgment of dismissal.

Affirmed.