Kimberly R. ALCORN, Plaintiff,

v.

UNION PACIFIC RAILROAD CO., National Railroad Passenger Corporation d/b/a Amtrak, David D. Grimoldi, and Curtis W. Edwards, Defendants.

No. 98–0145–CV–W–BC.

United States District Court,
W.D. Missouri,
Western Division.

April 27, 1998.

Timothy Brake, Grant Davis, Scott Bethune, Law Offices of Lantz Welch, P.C., Kansas City, for Plaintiff.

Timothy Gearin, Theodore Williams, Armstrong, Teasdale, Schlafley & Davis, St. Louis, for Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

LARSEN, United States Magistrate Judge.

Before the court is plaintiff's motion to remand this action to the Circuit Court of Jackson County, Missouri, on the ground that all defendants did not consent to removal as required by 28 U.S.C. § 1447. I find that removal of an action to federal district court requires the consent of all defendants; and because defendant Edwards did not consent, this case was improperly removed. Therefore, plaintiff's motion will be granted.

### I. BACKGROUND

On December 23, 1997, plaintiff filed a complaint in Jackson County Circuit Court alleging personal injuries as a result of an automobile/train collision. The complaint named as defendants Union Pacific Railroad Company ("Union Pacific"); National Railroad Passenger Corporation ("Amtrak"); David Grimoldi, the operator of the train at the time of the collision; and Curtis Ed-

wards, the operator of the automobile in which plaintiff was a passenger at the time of the collision.

 On February 4, 1998, defendant Amtrak filed a notice of removal alleging federal jurisdiction based on the federal government's ownership of more than one half the capital stock of Amtrak, a corporation created by Act of Congress. Therefore, pursuant to 28 U.S.C. § 1349,[1] this is a federal-question case and the federal district court has jurisdiction under 28 U.S.C. § 1331.[2] The notice of removal further states that co-defendants Union Pacific and Grimoldi consent to removal of the case to federal court. As to co-defendant Curtis Edwards, Amtrak stated:

> Defendant Curtis Edwards is represented by counsel and will not consent to removal. Counsel for Defendants Union Pacific, Amtrak and Grimoldi, have been told that Defendant Edwards will file claims for personal injury against Defendants Union Pacific, Amtrak and Grimoldi, as a result of the subject matter of plaintiff's Petition. As such, defendant Edwards stands in the shoes of plaintiff.

On March 5, 1998, plaintiff filed a motion to remand arguing that removal was defective because all defendants did not consent. Plaintiff also requested an award of attorney's fees on the ground that the law is clear that the requirements for removal had not been met.

On March 16, 1998, defendants Union Pacific, Amtrak, and Grimoldi filed a response in opposition to the motion to remand arguing that (1) defendant Edwards had no right to remove this case and therefore his consent is not required, (2) Edwards stands in the shoes of plaintiff since he has indicated he will file cross claims, and (3) although the award of attorney's fees is discretionary, such an award is unwarranted when the question of removability is "close and novel."

Finally, on March 20, 1998, plaintiff filed a reply brief distinguishing the case law cited in defendants' response.

## II. MOTION FOR REMAND

Title 28, United States Code, Section 1441(a) states that actions brought in state court may be removed to federal court by "the defendant or the defendants" if federal subject matter jurisdiction exists. Section 1446(a) states as follows:

> A defendant or defendants desiring to remove any civil action ... from a State court shall file ... a notice of removal ... containing a short and plain statement of the grounds for removal. ...

As a general rule, courts have interpreted the language "defendant or defendants" to mean that if there is only one defendant, then that defendant may remove the case; however, if there is more than one defendant, then the defendants must act collectively to remove the case. *Gableman v. Peoria, Decatur & Evansville Railway Co.*, 179 U.S. 335, 337, 21 S.Ct. 171, 172, 45 L.Ed. 220 (1900); *Chicago, Rock Island & Pac. Ry. v. Martin*, 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900); *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir.1992); *Warner v. Dunmyer*, 108 F.Supp. 757 (W.D.Mo.1952).

Defendants do not dispute the above-cited general rule, rather they argue that this case is an exception. Defendants first argue that there is a disagreement among the courts as to whether a removing defendant must obtain the consent of defendants who would not ordinarily have had an independent right to remove a case from state court to federal court.[3] Second, defendants argue that Edwards' attorney has stated to the other defense attorneys that Edwards "plans to file a

---

1. Section 1349 states, "The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock."

2. Although the federal court has subject matter jurisdiction, that jurisdiction is not exclusive. State courts have jurisdiction to decide federal-

question cases. *See Jefferson v. City of Tarrant, Alabama*, —— U.S. ——, ——, 118 S.Ct. 481, 485, 139 L.Ed.2d 433 (1997).

3. Although defendants do not elaborate, it is clear that federal jurisdiction exists only because of the government's ownership of Amtrak's stock and therefore absent Amtrak as a defendant Edwards would have no choice but to remain in state court.

claim for injuries" against the other defendants which places him in the position of being a plaintiff.

## A. INDEPENDENT RIGHT TO REMOVE

■ Defendants recognize a disagreement among the courts on whether defendants who have no independent right to remove must consent to removal, yet they cite no case law from the Eighth Circuit or the Western District of Missouri. When there is a disagreement among courts, it is particularly important to review the law in this circuit, including decisions of district courts sitting in the Eighth Circuit.

In 1997, Judge Limbaugh in the Eastern District of Missouri recognized the disagreement mentioned by defendants. In *Mayo v. Christian Hospital Northeast–Northwest,* 962 F.Supp. 1203, 1205 (E.D.Mo.1997), Judge Limbaugh analyzed the two approaches and found more reasonable the approach requiring the consent of all parties regardless of whether there existed an independent right to remove. In support of his decision, he quoted the following from *Gibson v. Inhabitants of Town of Brunswick,* 899 F.Supp. 720, 721 (D.Me.1995):

> [Requiring the consent only of those with an independent right to remove] would commonly allow some defendants, even a single one of many, to impose their choice of forum not merely on unwilling plaintiffs, but on other unwilling defendants as well.

I have been unable to find any other district court cases in the Eighth Circuit dealing with this issue. However, despite the lack of authority, I find that the view adopted by the Eastern District of Missouri is the most reasonable. In this case, Amtrak appears to be the only defendant with an independent right to remove. Therefore, this one defendant would, using the alternative approach, be able to impose its choice on the other three defendants as well as the plaintiff.[4]

In addition, § 1447(e) provides that if, after removal, the plaintiff seeks to join additional parties which would destroy subject matter jurisdiction, the court may deny joinder or permit joinder and remand the case to state court. I realize this particular case is not a diversity case; however, the interpretation of the unanimity rule urged by defendants would obviously result in more cases being removed (such as this one and others like it). As a result, the court would be faced with bouncing cases back and forth between state court and federal court whenever non-diverse parties are joined and the case does not involve a federal question. *See generally Desert Empire Bank v. Insurance Co. of North America,* 623 F.2d 1371 (9th Cir.1980); *Rosenthal v. Life Fitness Co.,* 977 F.Supp. 597 (E.D.N.Y.1997); *Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc.,* 916 F.Supp. 1024 (D.Nev.1996); *Rodriguez v. Abbott Laboratories,* 151 F.R.D. 529 (S.D.N.Y. 1993); *Wilson v. Famatex,* 726 F.Supp. 950 (S.D.N.Y.1989). Such a result is both a waste of time for the court and the parties as well as a waste of money and effort. The interpretation of the unanimity rule adopted by Judge Limbaugh minimizes to the extent possible this undesirable situation.

I find that the unanimity rule requires that all defendants consent to removal rather than requiring the consent only of those defendants with an independent basis for removal. Because all of the defendants in this action did not consent to removal, plaintiff's motion to remand will be granted.

## B. EDWARDS' "PLAN" TO FILE A CLAIM

■ Next, defendants argue that because Edwards' attorney indicated that Edwards planned to file a claim against his co-defendants for injuries he sustained in the collision, his consent is not required.[5] This position is without merit.

---

4. Although in this particular case two of Amtrak's three co-defendants did consent to removal, I note that inequities may arise in cases where defendants do not consent and are forced to transfer their case to federal court. A person or entity sued in state court may very well choose an attorney particularly knowledgeable in state procedure but less familiar with federal procedure. Once the case is removed, that defendant would be faced with changing attorneys or proceeding with someone who may not be the best person to handle that particular case.

5. I note as did plaintiff that defendants cite no legal authority for this proposition.

It is well accepted that jurisdiction of the federal courts must be apparent from the face of a plaintiff's complaint. *Franchise Tax Bd. of State of California v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 12, 103 S.Ct. 2841, 2847–48, 77 L.Ed.2d 420 (1983). In that case, the Court held that speculation as to a defense is not sufficient grounds to establish federal jurisdiction. Although the procedural requirements for removal are not jurisdictional, I find that the situations are analogous. In addition, defendant Edwards filed an answer in state court prior to this case being removed and failed to assert any cross claims at that time. Finally, such an interpretation would place this court's retention of a case in the hands of a party who has the power to file nothing more than a state law personal injury claim—if he files it, we can keep it; if he chooses not to, the case goes back. Once again, in a situation like that, the instances of cases bouncing back and forth between state and federal courts increases—a result neither desirable nor logical.

### III. ATTORNEY'S FEES

 Title 28, United States Code, Section 1447(c) states in part as follows: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The award of attorney's fees is discretionary.

In this case, because there is no published law from the Eighth Circuit or the Western District of Missouri clearly setting out an interpretation of the unanimity rule, I choose not to award costs or attorney's fees.

### IV. CONCLUSION

I find that removal of an action to federal district court requires the consent of all defendants and because defendant Edwards did not consent, this case was improperly removed. Therefore, it is

ORDERED that plaintiff's motion to remand is granted.