Joseph MOUBRY, Plaintiff,

v.

Roberta KREB, in her official capacity as Initial Hearing Officer, Elizabeth Thompson, in her official capacity as Hearing Review Officer, Robert Wedl, in his Official Capacity as Commissioner, State of Minnesota, Minnesota Department of Children, Families, and Learning, and Independent School District Number 696, Defendants.

Joseph Moubry, Plaintiff,

v.

Independent School District Number 696, Defendant.

Civ. No. 98–2246 (JRT/RLE).

United States District Court,
D. Minnesota.

June 10, 1999.

Peter James Nickitas, Nickitas Law Office, Superior, WI, for plaintiff.

Martha Jean Casserly, MN Attorney General, St Paul, MN, Susan E Torgerson, Knutson Flynn Deans & Olsen, Mendota Heights, MN, Charles E Long, Knutson Flynn Deans & Olsen, Mendota Heights, MN, for defendants.

TUNHEIM, District Judge.

Based upon the Report and Recommendation of United States Magistrate Judge Raymond L. Erickson, and after an independent review of the files, records and proceedings in the above-titled matter, it is—

ORDERED:

1. That the Plaintiff's Motions to Remand [Docket No. 17, Civ. No. 98–2246 (JRT/RLE); and Docket No. 3, Civ. No. 98–2336 (JRT/RLE) ] is denied.

2. That the State Defendants' Motion to Dismiss [Docket No. 23, Civ. No. 98–2246 (JRT/RLE) ] is granted.

REPORT AND RECOMMENDATION

ERICKSON, United States Magistrate Judge.

At Duluth, in the District of Minnesota, this 14th day of May, 1999.

I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A) and (B), upon the Motion to Dismiss of the Defendants Roberta Kreb ("Kreb"), Elizabeth Thompson ("Thompson"), and Robert Wedl ("Commissioner") in Civ. No. 2246 (JRT/RLE) ("Civ. No. 2246"), and upon the Motion of the Plaintiff to Remand both Civ. No. 2246, and Civ. No. 2336 (JRT/RLE) ("Civ. No. 2336"), to the State Court from which the actions were removed.[1]

A Hearing on the Motions was conducted on January 21, 1999, at which time the Plaintiff appeared by Peter J. Nickitas, Esq.; Kreb, Thompson, and the Commissioner (the "State Defendants") appeared by Martha J. Casserly, Esq.; and the Defendant Independent School District No. 696 ("ISD 696") appeared by Susan E. Torgerson, Esq.

For reasons which follow, we recommend that the Plaintiff's Motions to Remand be denied, and that the State Defendants' Motion to Dismiss be granted.

II. *Procedural and Factual Background*

Each of the two actions arise out of the Plaintiff's attempt, under the Individuals with Disabilities Education Act ("IDEA"), to establish, via the administrative process provided by ISD 696, an Individual Education Plan ("IEP") as required under the Minnesota and Federal IDEAs. Civ. No. 2336 was originally commenced by the Plaintiff, in the Minnesota Court of Appeals, by filing a Petition for Writ of Certiorari [Appellate File No. C5-98-1888]. This Petition named ISD 696 as the sole Respondent, and sought redress for what the Plaintiff considers to be errors by of the Level II Hearing Review Officer ("HRO"), when she ruled that ISD 696 had provided him with a "free and appropriate education" in his reading and physical therapy programs. *ISD 696's Notice of Removal; Plaintiff's Petition for Writ of Certiorari to the Minnesota Court of Appeals* [case no. C5-98-1888]. Thereafter, on October 28, 1998, ISD 696 removed that proceeding to this Court, pursuant to Title 28 U.S.C. § 1441(a).

In Civ. No. 2246, the Plaintiff challenges the impartiality of the administrative proceedings which addressed whether he was entitled to a due process Hearing concerning the educational services that were provided to him by ISD 696. Specifically, the Plaintiff contends that the Level I Initial Hearing Officer ("ISO")—Kreb—was biased in favor of ISD 696, and the Minnesota Department of Children, Families and Learning, because of her refusal to recuse herself as the ISO, and that the HRO—Thompson—erred in her affirmance of Kreb's decision to dismiss the Plaintiff's demand for a due process Hearing.

On October 2, 1998, the Plaintiff filed separate Writs of Certiorari, and Prohibition, in the Minnesota Court of Appeals, each of which were assigned separate case numbers—C1-98-1807 (Writ of Certiorari), and C3-98-1808 (Writ of Prohibition). In these petitions, the Plaintiff named both

1. In its Memorandum in Opposition to the Plaintiff's Motions to Remand, the Defendant Independent School District No. 696 ("ISD 696") identifies several of the Plaintiff's arguments, which relate to settlement discussions between the Plaintiff and ISD 696. ISD 696 argues that, as provided in Rule 408, Federal Rules of Evidence, any reference to settlement negotiations are not properly before the Court. Notwithstanding the Plaintiff's assertion that these references are proper under Rule 408, we disagree, and we have not considered these references in resolving the Motions before us. Rule 408 recognizes that the parties to litigation should be at liberty to discuss settlement without concern that those discussions will be publicized as reflecting on the merits of the parties' respective positions. Although there are exceptions to the prohibitions of Rule 408, the Plaintiff has not persuaded us that any apply here.

ISD 696, and the State Defendants, as Respondents. On October 12, 1998, the State Defendants moved the Court for an Order dismissing them as parties to each of these appellate proceedings. On the following day—October 13, 1998—ISD 696 removed the proceedings to this Court, pursuant to Title 28 U.S.C. § 1441(a). On October 26, 1998, the Minnesota Court of Appeals issued an Order advising that the State Defendants were not denominated as Respondents in the captions which were assigned by the Clerk of Appellate Courts, and that, therefore, the State Defendants' Motion to Dismiss was moot. The Court also expressly acknowledged that these matters had been removed to Federal Court, and that, therefore, the Minnesota Court of Appeals lacked jurisdiction to proceed. As noted, the State Defendants now seek to be dismissed from Civ. No. 2246, and the Plaintiff seeks to have each of these proceedings remanded to the Minnesota Court of Appeals.

## II. *Discussion*

A. *The Plaintiff's Motions to Remand the Actions to the State Courts.*

1. *Standard of Review.* As here pertinent, the Statute which governs the removal of causes to the Federal Courts, Title 28 U.S.C. § 1441(a), provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Thus, "[r]emoval of a state court action without regard to the citizenship of the parties is appropriate if the suit could have been brought in federal district court, as 'founded on a claim or right arising under the Constitution, treaties or laws of the United States.'" *Blair v. Source One Mortg. Services Corp.*, 925 F.Supp. 617, 620 (D.Minn.1996), quoting *M. Nahas & Co. v. First Nat'l Bank of Hot Springs*,

930 F.2d 608, 611 (8th Cir.1991), in turn citing Title 28 U.S.C. § 1441(b). "A federal question is raised in 'those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Peters v. Union Pacific R. Co.*, 80 F.3d 257, 260 (8th Cir.1996), quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); see also, *In re Otter Tail Power Co.*, 116 F.3d 1207, 1213 (8th Cir.1997). The fact that a Complaint mentions, or even incorporates a Federal law, is not determinative of whether it "arises under" the Constitution, laws or treaties of the United States. See, e.g., *Goepel v. National Postal Mail Handlers Union*, 36 F.3d 306, 310 (3rd Cir.1994), cert. denied, 514 U.S. 1063, 115 S.Ct. 1691, 131 L.Ed.2d 555 (1995); *Shannon v. MTA Metro-North R.R.*, 952 F.Supp. 177, 178 (S.D.N.Y.1997); *Collins v. Baxter Healthcare Corp.*, 949 F.Supp. 1143, 1147 (D.N.J. 1996). "The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction." *Baker Electric v. Otter Tail Power Co.*, 116 F.3d 1207, 1213 (8th Cir.1997), quoting *Peters v. Union Pacific R.R. Co.*, 80 F.3d 257, 260 (8th Cir.1996).

"As a general rule, a plaintiff can avoid removal to federal court by alleging only state law claims." *Gaming Corp. of America v. Dorsey & Whitney*, 88 F.3d 536, 542 (8th Cir.1996), citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Otherwise stated, "[u]nder the well-pleaded complaint doctrine, the plaintiff is master of his claim and may avoid federal removal jurisdiction by exclusive reliance on state law." *Blair v. Source One Mortg. Services Corp.*, supra at 620, quoting *M. Nahas & Co. v. First Nat'l Bank of Hot Springs*, supra at 611. Therefore, when the plaintiff's case is properly brought under State law, a defendant is not entitled to remove

the action simply because federal law, or principles of federal preemption, will provide a defense—even a complete defense—to the plaintiff's state law claims. *Caterpillar Inc. v. Williams*, supra at 393, 107 S.Ct. 2425.

Nevertheless, "[a] plaintiff's characterization of a claim as based solely on state law is not dispositive of whether federal question jurisdiction exists." *Peters v. Union Pacific R. Co.*, supra at 260. As a result, "a plaintiff cannot thwart the removal of a case by inadvertently, mistakenly or fraudulently concealing the federal question that would necessarily have appeared if the complaint had been well pleaded." *Blair v. Source One Mortg. Services Corp.*, supra at 620, quoting *M. Nahas & Co. v. First Nat'l. Bank of Hot Springs*, supra at 612.

When the Plaintiff has no State claim at all, the "artful pleading doctrine" recognizes that the characterization of a Federal claim as a State claim will not prohibit removal. See, *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 n. 2, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (artful pleading doctrine permits Courts to examine whether a plaintiff has "attempted to avoid removal jurisdiction by 'artful[ly]' casting [her] 'essentially federal law claims' as state law claims."). The doctrine "does not convert legitimate state claims into federal ones, but rather reveals the suit's necessary federal character." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 367 (5th Cir.1995). In practical effect, the doctrine constitutes a "narrow exception, limited to federal statutes that 'so completely preempt a particular area, that any civil complaint raising this select group of claims is necessarily federal.'" *M. Nahas & Co. v. First Nat'l Bank of Hot Springs*, supra at 612, quoting *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); but cf., *Taft v. Burlington Northern RR Corp.*, 926 F.Supp. 866, 868 (D.Minn.1996) (treating artful pleading and complete preemption as separate and distinct bases for removal). In the final

analysis, we resolve all significant doubts concerning the existence of a Federal question in favor of remand. See, *In re Business Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir.1993).

2. *Legal Analysis.* The Plaintiff's Petitions for Writs of Certiorari, and for Prohibition, to the Minnesota Court of Appeals, identify the jurisdictional basis for the Writs as the Minnesota Individuals with Disabilities Education Act, Minnesota Statutes Section 120.17 (repealed and renumbered as Section 125A, 1998) ("MN–IDEA") and the Federal Individuals with Disabilities Education Act, Title 20 U.S.C. Section 1400 *et seq.* ("IDEA"). As the "master of his Complaint," the Plaintiff has here relied upon both Federal and State law for his causes of action against the Defendants. Under the controlling case law, removal of an action from State Court to Federal Court is proper where the underlying claims "arise under" the Constitution, laws or treaties of the United States.

Despite the overwhelming weight of authority which supports the retention of this action in Federal Court, the Plaintiff contends that the circumstances of this case present a particularly suitable basis for its resolution in State Court. The Plaintiff, however, misapprehends the case law which he cites to found his claim for a remand. In *Amelia County Sch. Bd. v. Virginia Bd. of Educ.*, 661 F.Supp. 889 (E.D.Va.1987), the Court remanded an appeal from an IEP, under Virginia Code Section 22.1–214. The appeal was removed to Federal Court, alleging that the State Court action should have been brought under the IDEA's predecessor statute, the Education for All Handicapped Children Act ("EAHCA"), Title 20 U.S.C. § 1415. *Id.* at 890–91. There, the defendants argued that the plaintiff's appeal, under Virginia law, was an attempt to avert Federal question jurisdiction over the claims by "artfully pleading" the matter under Virginia State law. *Id.* As a consequence, the Court, in *Amelia*, was presented a decid-

edly different set of considerations than those we confront here, for the plaintiff there had pled his appeal only under the Virginia Code, and had not asserted any claim under the Federal laws. *Id.* Under those circumstances, the Court properly considered whether the independent State law basis for the appeal was preempted by, or was procedurally, or substantively, inadequate in comparison with the appeal provisions contained in the EAHCA. Finding that the State law was neither preempted by, nor inadequate to the EAHCA, the · Court, in *Amelia,* remanded the proceeding to State Court. *Id.* at 895.

Quite clearly, the holding in *Amelia* is inapposite here as the Plaintiff elected to petition the Minnesota Court of Appeals for relief, under an indisputably Federal Statute, in addition to relief under Minnesota law. As such, he may not now be heard to complain that he would prefer a State forum to resolve distinctly Federal claims. Whatever may be the Plaintiff's conception of the adequacy, or inadequacy, of the State versus the Federal forum, the Plaintiff chose the claims he wishes to advance, and his Federal claim properly invokes Federal jurisdiction. Notably, the Plaintiff cites no authority to support the view that this Court is required to remand Federal claims, such as those he raises here, to the State Courts. Since the Plaintiff's claim "arises under" the Constitution, laws or treaties of the United States, we are obligated to exercise jurisdiction over these proceedings.[2]

■■■ As an alternative basis for opposing the removal of these actions to Federal Court, the Plaintiff maintains that the removal was improperly accomplished, as not all of the Defendants consented to the removal prior to the time at which the Notice of Removal was filed. See, *Alcorn v. Union Pacific R.R. Co.,* 3 F.Supp.2d 1085, 1087 (W.D.Mo.1998), citing *Mayo v. Christian Hospital Northeast–Northwest,* 962 F.Supp. 1203, 1205 (E.D.Mo.1997). As

the Record reflects, at no time prior to removal, did the State Defendants consent to have the matter removed to Federal Court. "Of course, a court may permit removal if *** such defendants are merely nominal parties against whom no real relief is sought." See, *Pecherski v. General Motors Corp.,* 636 F.2d 1156, 1161 (8th Cir.1981), citing *Pullman Co. v. Jenkins,* 305 U.S. 534, 541, 59 S.Ct. 347, 83 L.Ed. 334 (1939); *Central Assoc. Carriers v. Nickelberry,* 995 F.Supp. 1031, 1034 n. 2 (W.D.Mo.1998); *Holloway v. Pacific Indemnity Co.,* Inc., 422 F.Supp. 1036, 1038 (E.D.Mich.1976).

"A defendant is nominal if there is no reasonable basis for predicting that it will be held liable." *Shaw v. Dow Brands Inc.,* 994 F.2d 364, 369 (7th Cir.1993), citing 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper § 3731 n. 10. "If a court has before it the necessary parties to enable it to dispose of a case of which it has jurisdiction, it is of little consequence how many other persons may be present as nominal parties," and "[t]hey can be ignored or eliminated at any stage of the proceedings." *Maryland Cas. Co. v. Texas Co.,* 114 F.2d 952, 954 (8th Cir.1940), quoting *Hanna v. Brictson Mfg. Co.,* 62 F.2d 139, 144 (8th Cir.1933). As an analog to determining whether a party is "nominal," we note that a "necessary party" is one in whose "absence complete relief cannot be accorded among those already parties." Rule 19(a), Federal Rules of Civil Procedure.

The Plaintiff contends that the relief which he seeks cannot be afforded absent the inclusion of the State Defendants in the action. As such, he argues that the State Defendants may not be seen as merely nominal parties and, therefore, ISD 696'S removal, without their consent, was invalid, and requires the Court to remand this action to the State Courts. As expressed at the Hearing, the Defen-

---

**2.** As to the Plaintiff's claim that his rights were also violated under the MN–IDEA, we would merely note that the Court's supplemental jurisdiction is available to competently address the Minnesota statutory claim as well. See, Title 28 U.S.C. § 1367.

dants, as a group, consider the State Defendants presence in the lawsuit to be inconsequential to the ability of the Court to fashion the relief that is being sought by the Plaintiff. Accordingly, the State Defendants seek a dismissal of the action as against them and, since this aspect of the Plaintiff's Motion to Remand overlaps the State Defendants' Motion to Dismiss, we turn to that common issue, as framed by the State Defendants' dispositive Motion.

**B.** *The State Defendants' Motion to Dismiss.*

In support of their Motion to be dismissed as Defendants in Civ. No. 2246, the State Defendants argue: (1) that, prior to the removal of this action to this Court, the Minnesota Court of Appeals had "dropped" them as parties to this action, thereby excluding them as parties here; (2) that the Commissioner is not a proper or necessary party to this action, as no relief is sought which can be afforded by him; and (3) that the HRO and IHO are not proper parties to the action since the relief sought by the Plaintiff does not require their presence as Defendants, and since they are absolutely immune to suit, under the doctrine of quasi-judicial immunity. We address each of these issues in turn.

**1.** *The Order of the Minnesota Court of Appeals.* According to the Minnesota Court of Appeals the Motion the State Defendants filed in that Court was moot, because the Clerk of Court had not captioned the case as including the State Defendants. Since that Order followed the removal of this action to Federal Court by almost two weeks, the Plaintiff contends that the Order has no legal effect. We agree.

■■■■ The law is well settled that, "upon the filing of a sufficient petition and bond in a removal case, the suit being removable under 28 U.S.C. Section 1441, the State Court's jurisdiction absolutely ceases and that of the Federal Court immediately attaches." *Polito v. Molasky,* 123 F.2d 258, 260 (8th Cir.1941), citing

*New Orleans, M.&T. R. Co. v. Mississippi,* 102 U.S. 135, 26 L.Ed. 96 (1880). "After removal, only the federal district court [can] restore jurisdiction to the state courts." *Ward v. Resolution Trust Corp.,* 972 F.2d 196, 198 (8th Cir.1992). As a result, once this action was removed, "the state court of appeals could proceed no further." *Id.,* citing *National S S Co. v. Tugman,* 106 U.S. 118, 122, 1 S.Ct. 58, 27 L.Ed. 87 (1882). In *Ward,* the Court concluded that a State Court Order, which was issued after the removal of an action to Federal Court, was void for want of jurisdiction. *Id.* Given this controlling authority, we conclude that the mootness Order of the Minnesota Court of Appeals was without legal effect.

■■■ Nor can we responsibly say that the mere fact, that the Minnesota Appellate Clerk may have captioned the case without naming the State Defendants as responding parties, is dispositive of the issue before us. Instead, we look to the established law in order to determine whether the State Defendants individually, or as a whole, are necessary and proper parties. If they are, then removal was improper, and a remand is required because of the absence of their consent to a removal, before the removal occurred. Conversely, if they are not necessary and proper parties, then the removal of this action was lawful, and their dismissal from this action would be entirely appropriate.

**2.** *Proper or Necessary Parties.*

**a.** *Standard of Review.* "Rule 21 of the Federal Rules of Civil Procedure is the proper vehicle for dismissing parties who were improperly joined—either because they fail to satisfy any of the conditions of permissive joinder under Fed.R.Civ.P. 20(a) or because 'no relief is demanded from \*\*\* or no claim of relief is stated against [them].'" *Vakharia v. Swedish Covenant Hosp.,* 765 F.Supp. 461, 472 (N.D.Ill.1991), quoting 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure

§ 1683 at 443–44; *American Fidelity Fire Ins. Co. v. Construcciones Werl, Inc.*, 407 F.Supp. 164, 190 (D.Vi.1975). Although the present Motion is framed as a Motion to Dismiss, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, the substance of the State Defendants' challenge to their joinder in this action are more properly addressed by the application of Rule 21.

 Rule 21, Federal Rules of Civil Procedure, provides in pertinent part:

All persons (and any vessel, cargo or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Rule 21, in combination with Rule 20(a), establishes that:

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.

"Rule 21 allows the court to dismiss parties 'on such terms as are just, thus granting considerable discretion to the district court.'" *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1371 (10th Cir.1998), quoting *Jett v. Phillips and Associates*, 439 F.2d 987, 989–90 (10th Cir.1971); Moore's Federal Practice § 21.02[4] (3d Ed.1997). "That discretion is circumscribed, however, by Rule 19(b) because the court cannot proceed without indispensable parties." [3] *Id.*, citing *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 832, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989); *Jett v. Phillips and Associates*, supra at 990. "Whether a party is indispensable, considering the factors required under Rule 19(b), Federal Rules of Civil Procedure, is a matter left to the district court's discretion." *Navajo Tribe of Indians v. New Mexico*, 809 F.2d 1455, 1471 (10th Cir.1987).

 Dismissal, however, is proper as to nominal defendants from whom no relief is sought. See, *Great American Ins. Co. v. Louis Lesser Enterprises, Inc.*, 353 F.2d 997, 1000 (8th Cir.1965); *Rule 21, Federal Rules of Civil Procedure.* See also, *Hispanic Coalition on Reapportionment v. Legislative Reapportionment Comm'n*, 536 F.Supp. 578, 584 (E.D.Pa.1982) ("where certain defendants are clearly without authority or power to effect any of the relief sought by the plaintiffs, a motion to drop those defendants may properly be granted."); *American Fidelity Fire Ins. Co. v. Construcciones Werl, Inc.*, supra at 190 (a misjoinder of parties under Rule 21 may be declared when no relief is demanded from one or more of the parties joined as defendants); *Committee for Public Educ.*

---

**3.** Rule 19(a) and (b), Federal Rules of Civil Procedure, establish the criteria upon which a court must assess the necessity of retaining, or joining, a party to an action in order to achieve a just resolution. Under the provisions of paragraph (b), the Court must determine:

[F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; Second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plain-

tiff will have an adequate remedy if the action is dismissed for nonjoinder.

Here, because none of the requisite considerations of Rule 19(b) militate in favor of retaining the State Defendants as parties to this action, their dismissal is appropriate. First, we see no prejudice to the Plaintiff that would be occasioned by the dismissal of the State Defendants, since the relief he seeks may be fully accorded by ISD 696. Moreover, given its neutral position with respect to the State Defendants' Motion, it is clear that ISD 696 envisions no prejudice to it on account of any dismissal of the State Defendants and, independently, we can conceive of none. As a result, the considerations of Rule 19 support the dismissal the State Defendants.

& *Religious Liberty v. Rockefeller,* 322 F.Supp. 678 (S.D.N.Y.1971) (Governor of State was not a necessary party in an action challenging a State statute appropriating money to be paid to non-public schools, and District Court properly exercised its discretion, under Rule 21, to dismiss him as a party to the action, since full relief could be afforded by enjoining the Commissioner of Education and the State Comptroller). With these principles in mind, we focus our discussion on the relief being sought by the Plaintiff, and we consider the necessity of retaining the State Defendants in this action.

b. *Legal Analysis.* In his Petition for a Writ of Certiorari to the Minnesota Court of Appeals, the Plaintiff raised the following issues:

(a) Whether Level 1 Independent Hearing Officer Kreb should have been disqualified on the grounds of appearance of bias, in derogation of Joseph Moubry's rights to due process, an impartial tribunal, and justice freely obtained without purchase under Minn. Const. Art I, §§ 7 and 8, and U.S. Const. Amend. XIV;

(b) Whether there is subject matter jurisdiction for the imposition of sanctions comprised of the school district's attorney's fees and/or the hearing officer's fee under Minn.Stat. § 120.17;

(c) Whether it was error to dismiss the hearing and impose sanctions without provision of a "safe harbor period" under Minn.Stat. § 549.211;

(d) Whether it was an error to dismiss the hearing and impose sanctions in view of the granting of relief of the functional evaluation;

(e) Whether it was error to dismiss the hearing and impose sanctions in view of the School District's 23 June 1998 Settlement proposal that offered to change the IEP after review of the student's and his parent's objections;

(f) Whether it was error to dismiss the due process hearing on the grounds of *res judicata.*

*Amended Statement of the Case,* at 4–5.

Since they involve somewhat different analyses, we separately address the Motion to Dismiss as it relates to the Commissioner, and then as it pertains to the ISO, and HRO.

■ (a) *The Commissioner.* As underscored by the State Defendants, issues (b) through (f) do not implicate the actions of the Commissioner in any way, and his presence as a party-Defendant is not essential to the relief that the Plaintiff seeks. The State Defendants contend, and the Plaintiff does not expressly contest, that Commissioner was well removed from the development and implementation of the Plaintiff's IEP. Moreover, the Commissioner had no role in the administrative decisions that related to the Plaintiff, nor did he review the HO's decisions on the Plaintiff's appeal. Nor did the Commissioner have an active role in the appeal of the Plaintiff's ultimate administrative outcome, since such an appeal is taken either to the Minnesota Court of Appeals (MN–IDEA), see, *Glazier v. Indep. Sch. Dist. No. 876, Annandale,* 558 N.W.2d 763, 769 (Minn.App.1997), citing Minnesota Statute Section 120.17Subdivision 3b(h), (the decision of a hearing review officer shall be final unless appealed to the Court of Appeals), or to this Court. See, Title 20 U.S.C.A. § 1415(e)(2); *Independent School Dist. No. 283 v. S.D. By J.D.,* 88 F.3d 556, 560 (8th Cir.1996). As a consequence, the resolution of issues (b) through (f) do not require the joinder of the Commissioner, as a party-Defendant. His presence with respect to those issues is purely gratuitous.

With regard to issue (a), the Plaintiff appears to complain that the Commissioner did not disqualify Kreb for appearing to be biased. We have previously held in an action under the IDEA, however, that there is no competent basis to allege bias or prejudice as a result of an appointive

process that has been participated in by the Commissioner. See, *Indep. Sch. Dist. No. 283 v. S.D. by and through J.D.*, 948 F.Supp. 860, 890 n. 42 (D.Minn.1995), aff'd. 88 F.3d 556 (8th Cir.1996); see also, *Glazier v. Independent School Dist. No. 876, Annandale*, supra at 769 (holding that the Commissioner is not a proper party in special education appeals).

Accordingly, we conclude that the Commissioner is not a necessary or proper party to this action, and we recommend the grant of the State Defendants' Motion to dismiss him as a party. Moreover, because we conclude that the Commissioner's presence was not essential to a just resolution of this matter, we find that the absence of his consent to the removal does not warrant the remand that the Plaintiff requests.

■■■ (b) *The Hearing Officers.* "Judges and officials who have duties that are 'functionally comparable' to those of judges are [ ] entitled to absolute immunity." *Anton v. Getty*, 78 F.3d 393, 395 (8th Cir.1996) (holding that Hearing Examiner and officers who performed essential judicial functions, are entitled to absolute immunity), quoting *Butz v. Economou*, 438 U.S. 478, 513, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); see also, *Cleavinger v. Saxner*, 474 U.S. 193, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985); *Brown v. Griesenauer*, 970 F.2d 431, 436 (8th Cir.1992). "Undoubtedly, as an adjudicator, the HRO is wholly insulated from a claim which arises from her conduct as an adjudicator, by principles of judicial immunity." *Independent School Dist. No. 283 v. S.D. by and through J.D.*, supra at 877 n. 28 (dismissing Hearing Review Officer as a defendant in a suit against a school district under the IDEA).

The Plaintiff relies on *Monahan v. State of Nebraska*, 645 F.2d 592 (8th Cir.1981) ("*Monahan I*"); *Monahan v. State of Nebraska*, 687 F.2d 1164 (8th Cir.1982) ("*Monahan II*"), cert. denied *sub nom., Rose v. Nebraska*, 460 U.S. 1012, 103 S.Ct. 1252, 75 L.Ed.2d 481 (1983); and *Rose v. Nebraska*, 748 F.2d 1258 (8th Cir.1984), cert. denied, *sub nom., Lutjeharms v.*

*Rose*, 474 U.S. 817, 106 S.Ct. 61, 88 L.Ed.2d 50 (1985), for the proposition that the Commissioner (of the State Department of Education, or his or her equivalent) is a proper party "when a state statute or rule is at issue." See, *Relator's Reply Memorandum in Support of Remand* at 2. While this is an accurate statement of the holdings in these cases, there remains a significant distinction in the actions brought in those cases, and the ones being brought here. In *Monahan I, Monahan II*, and *Rose*, the Plaintiff was directly challenging the State Statute which governed Hearings for the placement of handicapped students, contending that there was an inconsistency between the Commissioner's "review" power under the State Statute, and the finality requirement of the EAHCA—the predecessor to the IDEA. Here, the allegations at issue do not implicate any conflict between the MN–IDEA and the IDEA and, as we have already explained, the role of the Commissioner is not implicated in resolving the issues that the Plaintiff has raised. As such, the cases upon which the Plaintiff relies are unavailing.

The Plaintiff also argues that Rule 120.02, Minnesota Rules of Appellate Procedure, and supporting case law, provide that the lower Court should be named in a Petition for a Writ of Prohibition. Any such requirement in the Rule, however, would appear, at least based upon the Record presented, to suggest the naming of ISD 696, rather than the Commissioner, the HO, or the IHO. In any event, none of the named State Defendants are persons, or entities, from whom the Plaintiff may obtain the relief he seeks.

■■■ As a result, we find that ISD 696 is the real party in interest as to the claims alleged by the Plaintiff, and that the State Defendants are nominal parties. Their consent, therefore, was not required in order to properly effect the removal of this action from State Court, and the Plaintiff's Motion to Remand should be denied. In addition, since the State De-

fendants are not necessary or proper parties to this action, we further recommend that their Motion to Dismiss be granted.

NOW, THEREFORE, It is—

RECOMMENDED:

1. That the Plaintiff's Motions to Remand [Docket No. 17, Civ. No. 98–2246 (JRT/RLE); and Docket No. 3, Civ. No. 98–2336 (JRT/RLE) ] be denied.

2. That the State Defendants' Motion to Dismiss [Docket No. 23, Civ. No. 98–2246 (JRT/RLE) ] be granted.

### NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than May 31, 1999,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than May 31, 1999,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.