**PANALPINA WELTTRANSPORT GMBH and SGS Controll Co., m.b.H., Plaintiffs-Appellants,**

v.

**GEOSOURCE, INC. and Ucamar Shipping Co., (Cayman), Ltd., Defendants-Appellees.**

No. 84–2337.

United States Court of Appeals, Fifth Circuit.

June 28, 1985.

James J. Sentner, Jr., Antoinette van Heugten, Houston, Tex., for plaintiffs-appellants.

Vinson & Elkins, G. Wesley Urquhart, Jeffrey W. Steidley, Richard L. Lagarde, Houston, Tex., for Geosource, Inc.

Hill, Parker, Franklin, Cardwell, Jones, A. Glenn Diddel, III, Gregory N. Jones, Houston, Tex., for Ucamar Shipping.

Before CLARK, Chief Judge, BROWN and POLITZ, Circuit Judges.

POLITZ, Circuit Judge:

Panalpina Welttransport GmBh and SGS Controll Co., m.b.H. appeal the dismissal of their complaint against Geosource, Inc. and Ucamar Shipping and Transportation Co. (Cayman), Ltd. for failure of jurisdiction. Finding a lack of complete diversity, we affirm.

*Facts*

Panalpina and SGS are West German corporations with their principal place of business in West Germany. They sued Geosource and Ucamar in the southern district of Texas invoking diversity of citizenship jurisdiction. Geosource is a Texas corporation with its principal place of business in Houston. Ucamar is a subsidiary of Geosource and was incorporated in the Cayman Islands. Panalpina and SGS contend that Ucamar is the alter ego of Geosource and therefore should have the same citizenship for diversity purposes as its parent, Geosource. Plaintiffs urged the district court to ignore Ucamar's place of incorporation in order to preserve diversity jurisdiction. If Ucamar's place of incorporation is not ignored, then both plaintiffs and one defendant are aliens. The district court was not persuaded; it dismissed the case for lack of jurisdiction because there was not complete diversity of citizenship between all plaintiffs and all defendants.

*Analysis*

■ It has long been settled that diversity of citizenship between plaintiffs and defendants must be complete to confer jurisdiction under 28 U.S.C. § 1332. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). A corporation incorporated in a foreign country is a citizen of that country for purposes of diversity jurisdiction. *Nat. Steamship Co. v. Tugman,* 106 U.S. 118, 1 S.Ct. 58, 27 L.Ed. 87 (1882); *Jerguson v. Blue Dot Inv., Inc.,* 659 F.2d 31 (5th Cir.), *cert. denied,* 456 U.S. 946, 102 S.Ct. 2013, 72 L.Ed.2d 469 (1981). Like a domestic corporation, an alien corporation may add an additional place of citizenship for diversity purposes if its principal place of business is within one of the states of the United States. *Jerguson.* It may also gain additional places of citizenship for purposes of diversity jurisdiction if it is consolidated with another corporation or if it is the alter ego of another corporation. *Freeman v. Northwest Acceptance Corp.,* 754 F.2d 553 (5th Cir.1985). For example, when a subsidiary is the alter ego of a parent, the parent is deemed to be a citizen of (1) the place where it is incorporated, (2) the place where its subsidiary is incorporated, and (3) the place where it has its principal place of business. *Id.* Through multiple places of incorporation, principal place of business, and alter ego or consolidation doctrines, a corporation may become the citizen of several places for purposes of diversity jurisdiction. Such a result is in keeping with Congress' intendment to constrict the availability of diversity jurisdiction. *Jerguson; Canton v. Angelina Casualty Company,* 279 F.2d 553 (5th Cir.1960). A party cannot, however, pick and choose among the places of citizenship ignoring one or more in an effort to preserve diversity jurisdiction. Such a practice would be contrary to the historical intent of Congress.

■ We agree with our colleagues of the Eleventh Circuit that the alter ego doctrine cannot be used to preserve diversity jurisdiction by ignoring the place of incorporation of the subsidiary and treating the subsidiary as if it were only a citizen of the state of incorporation of the dominant corporation. *Fritz v. American Home Shield Corp.,* 751 F.2d 1152 (11th Cir.1985).

■ As we perceive the requirements of 28 U.S.C. § 1332, with its jurisprudential glosses, the alter ego doctrine may be used to add places of citizenship to the abrogation of diversity jurisdiction but may not be

used to extend such jurisdiction. Consistent therewith, if a parent were sued as a result of activities of a subsidiary, the alter ego doctrine would attribute the subsidiary's place of incorporation to the parent even if such resulted in destroying complete diversity. *Freeman.*

■ While we enunciate what may appear to be hard and fast rules relating to jurisdiction in parent/subsidiary alter ego cases, we add the caveat that jurisdictional rules may not be used to perpetrate a fraud or ill-practice upon the court by either improperly creating or destroying diversity jurisdiction. Were that to occur, we would not elevate form over substance but would accomplish whatever piercing and adjustments considered necessary to protect the court's jurisdiction. *Freeman.*

■ In the case at bar the plaintiffs have not alleged, nor does it appear from this record that they could likely prove, that Ucamar was incorporated in the Cayman Islands solely for purposes of destroying diversity jurisdiction in a suit by an alien corporation. Were that pled and proven we would have a different issue for disposition. What we do have before us is a suit initiated by two alien corporations against two defendants, one of whom is an alien corporation. The *Strawbridge* mandate is not met. There is not the required complete diversity of citizenship between all plaintiffs and all defendants and, accordingly, diversity jurisdiction may not be invoked.

The judgment of the district court dismissing the complaint for want of jurisdiction is AFFIRMED.