AIR ROUTING INTERNATIONAL CORPORATION (CANADA) and Rudy Fabre, Plaintiffs,

v.

PROMOTORA INTERNACIONAL DE AVIACION S.A. DE C.V. a/k/a Inavia; Atanor S.A. De C.V.; Vuelos Internacionales Privados S.A. De C.V. a/k/a VIP Aviacion S.A.; Miguel Ortiz Monasterio, Carmen Monasterio, and Peter Monasterio, Defendants.

Post Oak Bank, Garnishee; Texas Commerce Bank, Garnishee; Texas Capital Bank, Garnishee; Frost Bank, Garnishee.

Civ. A. No. H–92–3644.

United States District Court, S.D. Texas, Houston Division.

July 30, 1993.

Kenneth E. Broughton, Jr., Haynes and Boone, Houston, TX, for plaintiffs.

A. Randall Friday, Crady & Peden, Houston, TX, for defendants.

Charles B. Wolfe, Houston, TX, for Post Oak Bank.

Brett Schouest, John P. Dillman, Houston, TX, for Texas Commerce Bank.

## ORDER

HITTNER, District Judge.

Pending before the Court is the motion to dismiss filed by defendants Promotora Internacional De Aviacion S.A. De C.V. also known as Inavia, Atanor S.A. De C.V., Vuelos Internacionales Privados S.A. De C.V. also known as VIP Aviacion S.A., Miguel Ortiz Monasterio, Carmen Monasterio and Peter Monasterio (collectively "foreign defendants"). Having considered the motion, the submissions on file and the applicable law, the Court determines that the motion should be granted.

In November, 1992, plaintiffs, Air Routing International Corporation (Canada) ("Air Routing") and Rudy Fabre ("Fabre"), instituted the instant action against the foreign defendants and others, alleging breach of a joint venture contract between Air Routing and the foreign defendants. Plaintiffs base federal subject matter jurisdiction on the diversity of the citizenship of the parties. In this regard, plaintiffs aver that Air Routing is a Canadian corporation with its principal place of business in Texas and Fabre is a United States citizen residing in Houston, Texas, whereas all the foreign defendants are either citizens and residents of Mexico or Mexican corporations with principal places of business in Mexico. In response to these allegations, the foreign defendants filed the instant motion to dismiss for, *inter alia,* lack of subject matter jurisdiction. Specifically, the foreign defendants argue that federal subject matter jurisdiction is lacking because Air Routing is an alien corporation insofar as Air Routing was incorporated in Canada, notwithstanding that its principal place of business is within the United States.

Federal diversity subject matter jurisdiction may not be invoked in a suit between aliens of the United States. *Chick Kam Choo v. Exxon Corp.,* 764 F.2d 1148, 1149 (5th Cir.1985). For purposes of diversity, a foreign corporation is deemed a citizen of the place where it was incorporated *and* where it has its principal place of business. *Panalpina Welttransport GMBH v. Geosource, Inc.,* 764 F.2d 352, 354 (5th Cir.1985). In providing that corporations have dual citizenship, Congress intended to constrict, not expand, the availability of diversity jurisdiction. *Id.* Thus, "[a] party cannot [ ] pick and choose among places of citizenship ignoring one or more in an effort to preserve diversity jurisdiction." *Id.* Accordingly, a corporation that was incorporated outside the United States is deemed an alien for diversity purposes, notwithstanding that its principal place of business is within the United States. *Chick Kam Choo,* 764 F.2d at 1152 (lack of diversity jurisdiction between citizen of Singapore and Liberian corporation with principal place of business in New Jersey). *See also Danjaq, S.A. v. Pathe Communications Corp.,* 979 F.2d 772, 776 (9th Cir.1992); *International Shipping Co. S.A. v. Hydra Offshore, Inc.,* 875 F.2d 388, 391–92 (2d Cir.), *cert. denied sub. nom. Golub v. Hydra Offshore, Inc.,* 493 U.S. 1003, 110 S.Ct. 563, 107 L.Ed.2d 558 (1989) *Corporacion Venezolana de Fomento v. Vintero Sales Corp.,* 629 F.2d 786, 790 (2d Cir.1980), *cert. denied sub nom. Corporacion Venezolana de Fomento v. Merban Corp.,* 449 U.S. 1080, 101 S.Ct. 863, 66 L.Ed.2d 804 (1981).

In the instant case, plaintiff Air Routing is deemed a citizen both of Canada, the place where it was incorporated, and of Texas, its principal place of business. Plaintiffs argue that Air Routing's American citizen-

ship renders the rule against diversity between aliens inapplicable. However, as the Fifth Circuit has held, a party cannot disregard one or more places of its citizenship in order to preserve diversity jurisdiction. *Panalpina*, 764 F.2d at 354. Thus, this Court cannot ignore Air Routing's Canadian citizenship in examining federal diversity jurisdiction. Consequently, since the foreign defendants are citizens of Mexico, Air Routing's foreign citizenship destroys diversity jurisdiction in the instant case.

Based on the foregoing, it is

ORDERED that the motion to dismiss for lack of subject matter jurisdiction (Document # 22) is GRANTED.