# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 96-40203

GERARDO ARIAS TORRES, Individually and
as next friend for Claudio Arias Mamani and
Helanara Arias Mamani, Minors, Et Al.; CARMEN
MAMANI YANEZ, Individually and as next
friend for Claudio Arias Mamani and Helanara
Arias Mamani, Minors, Et Al.,

Plaintiffs-Appellants,

versus

SOUTHERN PERU COPPER CORPORATION;
ASARCO, INC.; CERRO TRADING CO, INC.;
CERRO SALES CORPORATION; MARMON
CORPORATION; THE MARMON GROUP, INC.;
MARMON HOLDINGS, INC.; GL CORPORATION;
PHELPS DODGE OVERSEAS CAPITAL CORPOR-
ATION; PHELPS DODGE CORPORATION; PHELPS
DODGE REFINING CORPORATION; PHELPS
DODGE INDUSTRIES, INC.; NEWMONT GOLD
CORPORATION; NEWMONT MINING CORPOR-
ATION; BILLINGTON B.V.; MITSUI & COMPANY,
LTD.,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas

May 19, 1997

Before POLITZ, Chief Judge, WIENER and STEWART, Circuit Judges.

POLITZ, Chief Judge:

Plaintiffs appeal the district court's orders denying the motion to remand to

state court and dismissing the case on the grounds of *forum non conveniens* and

comity among nations. For the reasons assigned, we affirm.

## BACKGROUND

Plaintiffs are approximately 700 Peruvian citizens who allege that they have been harmed by sulfur dioxide emissions from Southern Peru Copper Corporation's copper smelting and refining operations in Ilo, Peru. Plaintiffs originally sued SPCC and other defendants in Texas state court alleging state-law causes of action such as negligence, intentional tort, and nuisance.[1] Defendants removed the case to federal court; the plaintiffs filed a motion to remand. The district court denied the motion, holding that although diversity jurisdiction was lacking, federal question jurisdiction existed. The district court then dismissed the case on the basis of *forum non conveniens* and comity among nations. Plaintiffs timely appealed.

## ANALYSIS

1. Subject Matter Jurisdiction

SPCC contends that we should affirm the dismissal based upon *forum non conveniens* and comity among nations without first inquiring whether the district court had subject matter jurisdiction. We repeatedly have instructed that before proceeding with a case, federal trial and appellate courts have the duty to examine the basis for their subject matter jurisdiction, doing so on their own motion if

---

[1]The other defendants named in the petition were Asarco, Inc., Cerro Trading Co., Inc., Cerro Sales Corporation, The Marmon Corporation, The Marmon Group, Inc., Marmon Holdings, Inc., GL Corporation, Phelps Dodge Overseas Capital Corporation, Phelps Dodge Corporation, Phelps Dodge Refining Corporation, Phelps Dodge Industries, Inc., Newmont Gold Corporation, Newmont Mining Corporation, Inc., Billiton B.V., and Mitsui & Co., Ltd.

necessary.[2]  The Supreme Court has long since addressed the issue before us today, stating that, "the doctrine of *forum non conveniens* can never apply if there is absence of jurisdiction or mistake of venue."[3]  Similarly, we are not to apply the doctrine of comity among nations unless we first determine that we have subject matter jurisdiction.

A.  Federal Question Jurisdiction

We analyze a removal action on the basis of federal question jurisdiction under the well-pleaded complaint rule, which requires disclosure of the federal question on the face of the complaint.[4]  The complaint must state a cause of action created by federal law or it must assert a state-law cause of action requiring the "resolution of a substantial question of federal law."[5]  In making our jurisdictional determination, we examine the entire record for a proper understanding of the true nature of the complaint.[6]

At the outset we reject SPCC's contention that Tex. Civ. Prac. & Rem. Code

---

[2]**Trizec Properties, Inc. v. United States Mineral Prods. Co.**, 974 F.2d 602 (5th Cir. 1992); **MCG, Inc. v. Great Western Energy Corp.**, 896 F.2d 170 (5th Cir. 1990); **Save the Bay, Inc. v. United States Army**, 639 F.2d 1100 (5th Cir. 1981).

[3]**Gulf Oil Corp. v. Gilbert**, 330 U.S. 501, 504 (1947); see also **Baris v. Sulpico Lines, Inc.**, 932 F.2d 1540 (5th Cir.) (explaining that district court had to have subject matter jurisdiction to rule on question of *forum non conveniens*), cert. denied, 502 U.S. 963 (1991).

[4]**Merrell Dow Pharms., Inc. v. Thompson**, 478 U.S. 804 (1986); **Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust**, 463 U.S. 1 (1983).

[5]**Franchise Tax Bd.** at 13.

[6]**Aquafaith Shipping, Ltd. v. Jarillas**, 963 F.2d 806 (5th Cir.), cert. denied, 506 U.S. 955 (1992).

§ 71.031 confers federal question jurisdiction. That provision allows a citizen of a foreign country to bring in the Texas state courts an action for personal injury or death occurring in a foreign nation if, *inter alia*, the country in which the plaintiff is a citizen "has equal treaty rights with the United States on behalf of its citizens." The mere fact that section 71.031 requires a Texas state court to examine treaties to determine whether a plaintiff has standing is insufficient by itself to create federal jurisdiction.

Plaintiffs maintain that because they have asserted only state-law tort claims, the well-pleaded complaint rule precludes us from finding federal question jurisdiction. The state of Peru has protested the lawsuit by filing a letter with the State Department and by submitting an amicus brief to this court. Peru maintains that the litigation implicates some of its most vital interests and, hence, will affect its relations with the United States. SPCC therefore contends that plaintiffs' complaint raises substantial questions of federal law by implicating the federal common law of foreign relations.[7]

That Peru has injected itself into this lawsuit does not, standing alone, create a question of federal law. Its vigorousness in opposing the action, however, has alerted us to the foreign policy issues implicated by this case, which we have confirmed by a close review of the record. The mining industry in Peru, of which SPCC is the largest company, is critical to that country's economy, contributing up

---

[7]The Supreme Court has authorized the creation of federal common law in the area of foreign relations. See **Texas Indus., Inc. v. Radcliff Materials, Inc.**, 451 U.S. 630 (1981).

4

to 50% of its export income and 11% of its gross domestic product. Furthermore, the Peruvian government has participated substantially in the activities for which SPCC is being sued. By way of example, the government: (1) owns the land on which SPCC operates; (2) owns the minerals which SPCC extracts; (3) owned the Ilo refinery from 1975 until 1994, during which time pollution from the refinery may have contributed to the injuries complained of by plaintiffs; and (4) grants concessions that allow SPCC to operate in return for an annual fee. Moreover, the government extensively regulates the mining industry. This action therefore strikes not only at vital economic interests but also at Peru's sovereign interests by seeking damages for activities and policies in which the government actively has been engaged. On the record before us we must conclude that plaintiffs' complaint raises substantial questions of federal common law by implicating important foreign policy concerns.[8] We accordingly affirm the district court's conclusion that it had federal question jurisdiction.

## B. Diversity Jurisdiction

Diversity jurisdiction is present in suits between "citizens of a State and

---

[8]See **Republic of Philippines v. Marcos**, 806 F.2d 344, 352 (2d Cir. 1986) (concluding that although plaintiff brought action on state-law theory, "an examination shows that the plaintiff's claims necessarily require determinations that will directly and significantly affect American foreign relations"), cert. denied, 481 U.S. 1048 (1987).

We reject plaintiffs' contention that our decision in **Aquafaith** precludes our finding federal question jurisdiction. In that case we refused to find federal question jurisdiction because the complaint itself raised "no hint of the federal common law of foreign relations." Unlike the pleadings in the case at bar, the plaintiff's pleadings in **Aquafaith** did not necessarily implicate vital economic and sovereign interests.

citizens or subjects of a foreign state."[9] Plaintiffs are citizens of the foreign state of Peru. SPCC is incorporated in Delaware and has its principal place of business in Peru. The district court held that SPCC is a citizen of both Peru and Delaware and, thus, because foreign nationals are on opposite sides of the case, diversity jurisdiction is destroyed.[10]

Today we consider as *res nova* the issue of the citizenship of a corporation incorporated in the United States with its principal place of business located abroad. Section 1332(c)(1) states that, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . ." The term "State" with a capital "S" refers only to the fifty states, Territories, District of Columbia, and Puerto Rico, but not to foreign states, which are referred to with a lowercase "s."[11] By its plain language section 1332(c)(1) -- which refers only to "States"-- does not address foreign citizenship and, thus, provides no guidance on whether a corporation is a citizen of a foreign nation in which it has its principal place of business.

Outside of section 1332(c)(1), we are aware of no authority for classifying a corporation as a citizen of the place where it has its principal business. We therefore resort to our traditional legal framework in which a corporation is deemed

---

[9] 28 U.S.C. § 1332(a)(2).

[10] See **Chick Kam Choo v. Exxon Corp.**, 764 F.2d 1148 (5th Cir. 1985) (requiring complete diversity in suits between aliens).

[11] See 28 U.S.C. § 1332(d); **Jerguson v. Blue Dot Inv., Inc.**, 659 F.2d 31 (5th Cir. Unit B Oct. 1981), cert. denied, 456 U.S. 946 (1982).

to be a citizen of its place of incorporation.[12]  Absent congressional amendment to section 1332(c)(1) to the contrary, we must conclude that for diversity purposes a corporation incorporated in the United States with its principal place of business abroad is solely a citizen of its "State" of incorporation.[13]  SPCC is therefore a citizen only of its place of incorporation, the State of Delaware.  The district court erred in holding that because SPCC was a citizen of Peru it lacked diversity jurisdiction.

2. *Forum Non Conveniens* and Comity Among Nations

Our review of the record reflects neither error nor abuse of discretion in the district court's dismissal of the class tort action on the basis of *forum non conveniens* and comity among nations.

AFFIRMED.

---

[12]See **Jerguson** (discussing traditional framework).  Indeed it has long been the rule that a corporation incorporated in a foreign nation is a citizen of that nation for purposes of diversity jurisdiction.  **National S.S. Co. v. Tugman**, 106 U.S. 118 (1882); **Panalpina Welttransport GMBH v. Geosource, Inc.**, 764 F.2d 352 (5th Cir. 1985).

[13]**Cabalceta v. Standard Fruit Co.**, 883 F.2d 1553 (11th Cir. 1989).