IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 01-20239

---

SOCIEDAD COLOMBIANA DE CONSTRUCIONES, SA-SOCOCO,

Plaintiff-Appellant,

versus

INTERNATIONAL COLOMBIA RESOURCES CORPORATION,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Southern District of Texas
(00-CV-3942)

---

June 20, 2002

Before GARWOOD, DeMOSS and DENNIS, Circuit Judges.

PER CURIAM[*]:

Sociedad Colombiana de Construciones, S.A. appeals the district court's dismissal of its breach of contract suit against International Colombia Resources Corporation on the grounds of forum non conveniens. The appellant alleges, *inter alia*, the

---

[*]Pursuant to 5TH CIR. R.47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court committed clear error by relying on the incorrect belief that the appellee was owned by the Republic of Colombia, and also claims that the district court lacked diversity jurisdiction (the only apparent basis of federal jurisdiction) because the appellee has dual incorporation in Delaware and Colombia. Because the district court's exercise of discretion to dismiss on forum non grounds appears to have been influenced by the factually mistaken view that appellee was owned by the Republic of Colombia, we vacate and remand for reconsideration. We leave the jurisdictional question open for further factfinding and determination in the first instance by the district court on remand.

## Background

International Colombia Resources Corporation ("Intercor") was, through 2001, a Delaware corporation[1] and a wholly owned subsidiary of ExxonMobil with at least some connection to Houston, Texas.[2] Intercor and Cerrejon Zona Norte, S.A. ("CZN-S.A.") co-own the El Cerrejon-Zona Norte Coal Complex, the Colombian facility at issue in this case. Pursuant to an "association contract," Intercor

---

[1] Appellant Sococo alleges Intercor is also incorporated in Colombia. As we explain *infra*, this court expresses no opinion on this assertion.

[2] Intercor introduced the affidavit of Jorge Alvarez Posada, which alleges that Intercor has no "office or place of business outside Colombia," while Sococo introduced the affidavit of Juan Montalvo alleging that major decisionmaking occurred in Houston. It may very well be that Montalvo was referring to the decisions made by corporate parent ExxonMobil, not the actual management of Intercor, but it is not clear from the record.

operates the facility for the benefit of both owners. The original co-owner of the facility and signatory of the association contract was a Colombian government entity named Carbones de Colombia, S.A. ("Carbocol"), though Carbocol's rights and duties have since passed to CZN-S.A.

In 1996, Intercor invited bids to provide mining excavation services at the facility and ultimately awarded the contract to Sociedad Colombiana de Construciones, S.A. ("Sococo"), a Colombian corporation whose principal place of business is not clear.[3] Though the contract was to last five years, Intercor terminated it early due to allegedly unsatisfactory performance.

On September 29, 2000, Sococo filed suit against Intercor for breach of contract in Texas state court. Intercor removed the suit to the district court below under the alienage provision of the diversity jurisdiction statute, 28 U.S.C. § 1332(a)(2), and Sococo did not object or move to remand. Once in federal court, Intercor moved to dismiss on forum non conveniens grounds, arguing that the case would be best heard in Colombia. Sococo responded and the parties debated whether Colombia was an "available and adequate" forum.

The district court granted the motion to dismiss on January 26, 2001, generally reasoning that the contract had a strong

---

[3] Sococo's petition alleged it had a principal place of business in Colombia, while the affidavit of its president Timothy Moore alleges Sococo's principal place of business is Miami, Florida.

connection to Colombia and that it would be easier to litigate there.  The district court also noted that the Colombian government had a strong interest in the case due to the fact that Intercor was "wholly owned by the Republic of Colombia."[4]  The district court reasoned that Colombia's interest dominated the public factors, and concluded that allowing suit in America would be unfair to "a foreign government that has not submitted itself to the jurisdiction of this Court."  The court also noted other considerations favoring forum non dismissal.  Accordingly, the district court exercised its discretion to dismiss the case without prejudice.  The present appeal followed.

Since the oral arguments in this case, ExxonMobil signed an agreement to sell Intercor to a consortium of buyers.  In anticipation of this sale, Intercor incorporated in Anguilla and thus holds dual incorporation in Anguilla and Delaware.

## Discussion

A.  *The District Court Abused Its Discretion By Awarding Forum Non Conveniens Dismissal*

We first ask whether the district court properly dismissed the case on the basis of forum non conveniens.  We review for abuse of discretion, a standard which can be met when the district court

---

[4]The district court's Order of Dismissal noted that before it was "the defendant International Colombia Resources Corporation's ("Intercor") motion to dismiss," that "Intercor is a Delaware corporation that is wholly owned by the Republic of Colombia," and that "because the government of Colombia, for its own benefit and that of its citizens, has an interest in the outcome of the case, public policy dictates against a foreign forum such as Texas."

4

takes an erroneous view of the law or makes a clearly erroneous finding of fact. *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 626 (5th Cir. 1996).

Appellant Sococo urges that the district court clearly erred by stating that Intercor was owned by the Colombian government. We agree. Intercor is a wholly owned subsidiary of ExxonMobil, albeit a subsidiary that does business in Colombia. We suspect that the district court accidentally confused Intercor with Carbocol, the Colombian-owned entity that co-owned the mining rights to the El Cerrejon-Zona Norte Coal Complex until those rights were transferred to CZN-S.A. Alternately, the district court may have meant that Carbocol's former *ownership* interest in the mine meant that Colombia had a strong (although indirect) interest in the outcome of the case. Regardless of the source of this error, the court clearly misattributed the ownership of one of the litigants.

The appellee urges us to overlook the error, but we cannot do so. The district court makes clear that it was concerned about the interests of the sovereign Republic of Colombia as a litigant in the case, and this concern constitutes a significant and recurring theme of the opinion. The appellee urges various reasons for considering the error harmless, but the arguments (and by extension the cases cited in support) are each inapposite. The district court's mistake was not confined to its discussion of the public interest factors, and thus *Empresa Lineas Maritimas Argentinas,*

5

*S.A. v. Schichau-Unterweser, A.G.*, 955 F.2d 368, 376 (5th Cir. 1992), does not persuade. The district court does not elsewhere indicate that it understood the true ownership of Intercor, so the "infelicitous turn of phrase" language of *Iragorri v. Int'l Elevator, Inc.*, 203 F.3d 8, 16 (1st Cir. 2000), cannot hold sway. Finally, a generous reading of *Alpine View Co., Ltd. v. Atlas Copco AB*, 205 F.3d 208, 222 n.10 (5th Cir. 2000), may suggest that a minor error among a wealth of other evidence can be disregarded, but that was not the case here. The district court relied to a significant degree on the interests of a sovereign nation, and the absence of those interests may profoundly affect the court's reasoning.

The decision whether to dismiss a case on forum non conveniens grounds is not a question of pure law; rather, the choice whether to exercise the doctrine lies within the discretion of the district court. *See, e.g.*, *Gulf Oil v. Gilbert*, 67 S.Ct. 839, 843 (1947). We thus vacate the order of dismissal and remand to the district court for further reconsideration. In doing so, we do not express any opinion on the disputed facts of the case or the merits of the motion to dismiss for forum non conveniens.[5]

*B.   The District Court Should Also Consider Whether It Has Jurisdiction*

---

[5] Because we vacate and remand, we need not decide whether the district court erred by granting the motion to strike Sococo's surreply.

For the first time on appeal, Sococo argues that the federal courts have no jurisdiction over this case. They are entitled to raise this argument, even though they did not move to remand, because jurisdictional error cannot be waived and parties cannot be estopped from asserting it. *See Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). Because this argument was raised for the first time on appeal, we lack the benefit of a district court's findings of fact.

The parties agree that Intercor is incorporated in Delaware, but Sococo claims that certain statements in Intercor's motion to dismiss for forum non conveniens constitute an admission they are also incorporated in Colombia. Sococo claims that this dual incorporation makes Intercor an alien and thus makes this suit one between aliens and hence outside the scope of 28 U.S.C. § 1332(a).

The motion to dismiss does indeed contain some ambiguous statements scattered among more definite declarations. The motion begins with Intercor asserting that it is a "citizen of Delaware" and a "Delaware corporation"; this section does not mention possible Colombian incorporation although it concedes that Intercor has no business outside Colombia. Two pages later, Intercor states "Defendant [Intercor] is a Delaware corporation duly incorporated in Colombia under the laws of Colombia. This legal status is referred to by Colombians as a 'branch.'" Intercor's motion continues to explain that while it is a Delaware corporation, it

7

would still be subject to Colombian law—an assertion that would be redundant if Intercor were truly incorporated in Colombia. At the end of the motion, Intercor calls itself "a Colombian entity domiciled in Colombia" but then reiterates that it is "a Delaware corporation operating in Colombia."

Intercor now explains this language by arguing that it merely has a branch in Colombia and is not incorporated there. Unfortunately, Intercor provides little documentation explaining Colombian law or the meaning of "branch," though an explanation is necessary given their motion's apparent equation of "branch" status with "du[e] incorporat[ion]." Moreover, Intercor provides little or no evidence that it took the necessary actions to be granted the ambiguous status of a branch. The facts of this case remain confused.

Despite Sococo's arguments, Intercor's statements do not justify judicial estoppel. Where a party intentionally makes statements that are accepted as true by a court, that court may use the judicial estoppel doctrine to bar the party from relying on later statements clearly inconsistent with the earlier position. *Ahrens v. Perot Systems Corp.*, 205 F.3d 831, 833 (5th Cir. 2000). These requirements are not met, however. Even if we assume for the sake of argument that Intercor's earlier statements, taken in context, are clearly inconsistent with their current position, we nevertheless find no evidence that the district court accepted

8

those statements as an admission they were incorporated in Colombia. To the contrary, the district court clearly called Intercor "a Delaware corporation," albeit one owned by the Colombian government. We therefore will not use judicial estoppel to bar Intercor from arguing that diversity jurisdiction exists in the federal courts.[6] We cannot resolve the jurisdictional issue on purely legal grounds.

This case requires factfinding and determinations of Colombian law, an undertaking best initially performed by the district court. We therefore suggest to the district court that in considering this case again on remand, it should begin by considering the parties' arguments regarding jurisdiction. *See Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997) (courts *must* determine subject-matter jurisdiction before moving on to address forum non conveniens). Because we do not know that Intercor had dual incorporation, we also decline to decide whether Intercor's alleged dual incorporation would indeed place it outside the alienage provision of the diversity statute, whether directly or through an "alter ego" theory. *Compare Coury v. Prot*, 85 F.3d 244, 247-48, 250 (5th Cir. 1996) (holding that a natural person of dual

---

[6] It is not clear whether Sococo also argued that Intercor had made a judicial admission. If so, that argument fails as well. "Only 'deliberate, clear and unequivocal' statements can constitute conclusive judicial admissions." *Matter of Corland Corp.*, 967 F.2d 1069, 1074 (5th Cir. 1992). The statements in the motion to dismiss were not clear and unequivocal.

9

nationality should be considered an American for purposes of diversity jurisdiction) *with Kuehne & Nagel (A.G. & Co.) v. Geosource, Inc.*, 874 F.2d 283 (5th Cir. 1989) *and Panalpina Welttransport GmBh v. Geosource, Inc.*, 764 F.2d 352, 354 (5th Cir. 1985) (narrowly construing diversity jurisdiction to exclude multinational corporations). *See also* 28 U.S.C. § 1332(a).

Finally, we note that Intercor has recently incorporated in Anguilla, resulting in undisputed dual incorporation in Anguilla and Delaware. The parties need not have brought this to the court's attention, because this development has no effect on the jurisdiction of the district court. It is well-settled that the existence of diversity jurisdiction is to be determined both at the time the suit was filed and at the time of removal. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996); *Texas Beef Group v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000); 14B WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE: JURISDICTION 3D § 3723, at 571 (1998). The incorporation in Anguilla occurred after both the filing and removal, and cannot affect diversity jurisdiction. The district court therefore need not consider this additional wrinkle.

## Conclusion

The district court attributed the ownership of Intercor to the Republic of Colombia, and this clear error was a significant part of its decision to dismiss the case. We therefore vacate the order of dismissal and remand to the district court for further

10

consideration.  In light of the fact that the case is being remanded to the district court, we decline to engage in the jurisdictional findings urged on us by appellant and merely point out the dispute to the district court.  The order of dismissal is therefore vacated and the case remanded for further proceedings.

VACATED and REMANDED.

11