**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1765
_____

MAXIMA ACUNA-ATALAYA; DANIEL CHAUPE-ACUNA; JILDA CHAUPE-
ACUNA; CARLOS CHAUPE-ACUNA; YSIDORA CHAUPE-ACUNA, personally and
on behalf of her minor child M.S.C.C.; MARIBEL HIL-BRIONES; ELIAS CHAVEZ-
RODRIGUEZ, personally and on behalf of his minor child M.S.C.C.,
Appellants

v.

NEWMONT MINING CORP;
NEWMONT SECOND CAPITAL CORP;
NEWMONT USA LTD; NEWMONT PERU LIMITED
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-17-cv-01315)
District Judge: Honorable Gerald Austin McHugh
_____

Submitted under Third Circuit L.A.R. 34.1(a)
December 10, 2020
_____

Before: McKEE, SHWARTZ, and FISHER, Circuit Judges.

(Filed: December 11, 2020)
_____

OPINION*
_____

_____

    * This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

SHWARTZ, Circuit Judge.

Plaintiffs, Peruvian farmers, sued several Delaware-incorporated entities[1] for damages and injunctive relief flowing from a dispute over a parcel of land in Cajamarca, Peru. The District Court dismissed their complaint on forum non conveniens ("FNC") grounds, reasoning that Peru provided an adequate alternative forum. Because the District Court did not abuse its discretion in reaching that conclusion, we will affirm.

I

Plaintiffs, Máxima Acuña-Atalaya de Chaupe and her family, are indigenous farmers who have, over the last twenty-five years, raised crops and livestock on a plot of land known as the Tragadero Grande in Cajamarca, Peru. The land is believed to sit atop a gold deposit. Plaintiffs allege that since 2011, Newmont, a majority owner of the Peruvian mining company Minera Yanacocha ("Yanacocha"), has "implemented an intimidation campaign" to force them off their land so it could mine for gold. App. 76.

Plaintiffs sued Newmont for, among other things, assault, battery, malicious prosecution, and conversion. They filed suit in the United States because they believed they could not obtain a fair proceeding in Peru due to Newmont's influence over the Peruvian government and judiciary. The District Court dismissed the suit based on FNC, subject to certain conditions. Acuña-Atalaya v. Newmont Mining Corp., 308 F. Supp. 3d 812 (D. Del. 2018). While the FNC order was on appeal, Plaintiffs submitted new information about corruption within the Peruvian judiciary. In response, we vacated the

---

[1] We refer to Defendants Newmont Mining Corp., Newmont Second Capital Corp., Newmont USA Ltd, and Newmont Peru Limited collectively as "Newmont."

2

dismissal order and remanded for the District Court to consider the new information. Acuña-Atalaya v. Newmont Mining Corp., 765 F. App'x 811, 815 (3d Cir. 2019).

On remand, the District Court again held that FNC dismissal was warranted, subject to certain conditions.[2] The District Court found that (1) Plaintiffs had produced both general evidence of corruption among members of the judiciary, as revealed in what is known as the "White Collars of the Port case," and specific evidence of Newmont's past attempts to corrupt the Peruvian courts; (2) Newmont carried its burden of persuasion in establishing that Peru is an adequate alternative forum, based primarily on (a) reforms enacted following the White Collars of the Port case; and (b) Plaintiffs' ability to prevail in other matters before the Peruvian judiciary; and (3) the public and private interest factors favored dismissal. Plaintiffs appeal.

II[3]

Under the FNC doctrine, a district court may dismiss a case if "(1) an [adequate] alternative forum has jurisdiction to hear the case; and (2) . . . trial in the plaintiff's

---

[2] The District Court conditioned its dismissal on Newmont: (1) submitting to the jurisdiction of the appropriate court in Peru and that court accepting jurisdiction; (2) consenting that any judgment in Peru would qualify as legally adequate under Delaware law; and (3) agreeing not to "directly, or indirectly through their subsidiaries and affiliates in Peru, raise objection to any of Defendants' officers or employees testifying or providing evidence relevant" to Plaintiffs' claims. App. 26-27.

[3] The District Court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291.

Because the FNC "determination is committed to the sound discretion of the trial court," Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257 (1981), we review for abuse of discretion, Windt v. Qwest Commc'ns Int'l, Inc., 529 F.3d 183, 189 (3d Cir. 2008). "[T]he district court abuses its discretion if it does not hold the defendants to their proper burden on the [FNC] motion or has clearly erred in weighing the factors to be considered." Lacey v. Cessna Aircraft Co., 862 F.2d 38, 43 (3d Cir. 1988).

3

chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to the plaintiff's convenience, or . . . the chosen forum is inappropriate due to the court's own administrative and legal problems." Eurofins Pharma US Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 160 (3d Cir. 2010). Plaintiffs here assert that corruption renders Peru an inadequate alternative forum. To find a forum inadequate due to corruption, a plaintiff must "produce[] significant evidence documenting the partiality or delay (in years) typically associated with the adjudication of similar claims and these conditions [must be] so severe as to call the adequacy of the forum into doubt." Acuña-Atalaya, 765 F. App'x at 815 (quoting Leon v. Millon Air, Inc., 251 F.3d 1305, 1312 (11th Cir. 2001)). If a plaintiff does so, "then the defendant has the burden to persuade the District Court that the facts are otherwise." Id. (quoting Leon, 251 F.3d at 1312).

A

We first examine whether Newmont has carried its burden of persuasion. To do so, we must identify what it must prove. Plaintiffs assert that Newmont must "conclusively" demonstrate Peru is an adequate alternative forum. Appellants' Br. at 26-27 (citing Bank of Credit & Commerce Int'l (Overseas) Ltd. v. State Bank of Pakistan, 273 F.3d 241, 247 (2d Cir. 2001) ("BCCI"); Eastman Kodak Co. v. Kavlin, 978 F. Supp. 1078, 1086-87 (S.D. Fla. 1997)). Plaintiffs are incorrect. Rather, a defendant is required only to "persuade" the court that the alternative forum is adequate, Acuña-Atalaya, 765 F. App'x at 815 (quoting Leon, 251 F.3d at 1312); see also BCCI, 273 F.3d at 247-48 (holding that a district court must simply "cite to evidence in the record that supports" its

4

"'justifiable belief' in the existence of an adequate alternative forum"). The District

Court correctly applied this burden of persuasion.

B

We next consider whether the District Court abused its discretion by finding that

Newmont met that burden of persuasion. A district court may weigh conflicting evidence

to determine whether a defendant "persuade[d] [the court] that the facts are" different

from what a plaintiff contends. Acuña-Atalaya, 765 F. App'x at 815 (quoting Leon, 251

F.3d at 1312).[4] Moreover, a district court need not construe all disputed facts in a

plaintiff's favor once he has "produce[d] significant evidence . . . to call the adequacy of

the forum into doubt" and the defendant offered contrary evidence. To simply construe

all disputed facts in a plaintiff's favor would contradict the above-stated principle and

effectively make it impossible for a defendant to ever "persuade the District Court that

the facts are otherwise." Leon, 251 F.3d at 1312.

The District Court examined the evidence presented and concluded that the

Peruvian forum is generally adequate despite the recent, serious allegations of corruption.

---

[4] See also Otto Candies, LLC v. Citigroup, Inc., 963 F.3d 1331, 1346 (11th Cir. 2020) (holding that a district court "ha[s] wide latitude to weigh the evidence" in a FNC analysis); Jiali Tang v. Synutra Int'l, Inc., 656 F.3d 242, 249-50 (4th Cir. 2011) (noting the district court appropriately "considered the parties' conflicting affidavits" when determining the adequacy of a foreign forum); Carijano v. Occidental Petroleum Corp., 643 F.3d 1216, 1225-26 (9th Cir. 2011) (explaining the district court "properly considered the[] arguments" of both parties' experts before concluding Peru offered an adequate alternative forum); Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1228-29 (3d Cir. 1995) (affirming denial of FNC motion made after the close of discovery where defendant's expert report "failed to counter effectively the [plaintiffs'] affidavits . . . demonstrating that" an Indian forum would be inadequate).

The record supports that conclusion. Among other things, Peru has enacted several reforms. For instance, the National Magistrates Council has been reconstituted, political instability has calmed, and many wrongdoers have been or are being prosecuted. In addition, the White Collars of the Port case did not involve the judiciary in Cajamarca, and the alleged corruption was associated with claims far different from Plaintiffs', including bribery related to criminal prosecutions, cheating on the examinations to become a prosecutor or judge, and trading favors on hiring decisions within the Callao courts. Furthermore, the evidence reveals that the Peruvian government has responded to Plaintiffs' concerns with Newmont's Conga Mining Project. Finally, Plaintiffs have prevailed in Peruvian courts against Newmont and Yanacocha. Such success undercuts the argument that Peru's judiciary cannot fairly adjudicate Plaintiffs' case. See Leon, 251 F.3d at 1314 (noting that Ecuador provided adequate alternative forum where its courts were "handling claims by other[s similarly situated to the plaintiffs] . . . in short order").

While a district court abuses its discretion if it does "not adequately consider the contentions raised by [the] plaintiff," Lacey v. Cessna Aircraft Co., 862 F.2d 38, 39 (3d Cir. 1988) ("Lacey I"), here, the District Court provided a thoughtful and comprehensive analysis of the evidence before it, including Plaintiffs' expert declarations and United States Department of State reports that highlighted the country's recent corruption

scandals.[5]  It acted within its discretion by giving more weight to other evidence and concluding that Peru currently provides an adequate alternative forum.[6]

C

Additional evidence published after the District Court's opinion does not warrant a different result or remand.  While "changed factual circumstances [that] 'cast a different light on a[] [district court's] earlier ruling,' regardless of its correctness when made," permit an appellate court to "reverse the ruling and remand," Acuña-Atalaya, 765 F. App'x at 813 (alterations in original) (quoting United States v. Wilson, 601 F.2d 95, 98-99 (3d Cir. 1979)), that action is not warranted here.  Plaintiffs argue that a May 2020 report of the Peruvian Anti-Corruption Prosecutor's Office regarding the White Collars of the Port case, related news articles, and State Department Country Condition Reports for Peru require reversal.  The evidence produced, however, does not "cast a different

---

[5] The District Court's thorough opinion reflects careful consideration of the entire record, even though it did not explicitly cite each piece of evidence presented.  See Fed. Trade Comm'n v. Penn State Hershey Med. Ctr., 838 F.3d 327, 341 (3d Cir. 2016) (noting "the District Court was not required to cite every piece of evidence it received, or even on which it relied"); Newport News Holdings Corp. v. Virtual City Vision, Inc., 650 F.3d 423, 434 n.7 (4th Cir. 2011) ("Courts are not required to identify every piece of evidence they consider in making a decision.").

[6] Moreover, no federal court has concluded that Peru is an inadequate alternative forum, even in the face of previous corruption scandals.  See Carijano, 643 F.3d at 1225-26; Flores v. S. Peru Copper Corp., 253 F. Supp. 2d 510, 531-41 (S.D.N.Y. 2002), aff'd on other grounds, 414 F.3d 233 (2d Cir. 2003); Torres v. S. Peru Copper Corp., 965 F. Supp. 899, 903 (S.D. Tex. 1996), aff'd, 113 F.3d 540, 544 (5th Cir. 1997); but see Guevara v. Republica Del Peru, No. 04-23223-CIV, 2008 WL 11333416, at *1, 2 (S.D. Fla. Mar. 31, 2008) (noting that Peru "is generally an available alternative forum," but plaintiff's personal affiliation with a former government official "engaged in arms trafficking, drug dealing, money laundering, extortion, and murder" who went into hiding following publication of this scandal and to whom plaintiff offered a safe house, rendered Peru an inadequate forum for plaintiff specifically).

7

light" on the District Court's ruling.  The Prosecutor's Report shows that Peru continues to investigate corruption among its judicial officers.  While these investigations have not yet fully reformed the Peruvian judiciary, the Prosecutor's Report does not provide any information that the District Court has not already considered.[7]  Similarly, the State Department Country Condition Reports merely reiterate the "allegations of widespread corruption in the judicial system" stemming from the White Collars of the Port case and subsequent investigations.  Appellants' MJN Ex. 11 at 11-12.  In short, these documents are cumulative of the information already reviewed, and it is thus unnecessary for us to remand for the District Court to consider these materials.

D

Finally, Plaintiffs argue that the District Court erred by dismissing their complaint without ensuring that they can present critical testimony in Peru.  We disagree.

A forum may be deemed inadequate "[w]here a plaintiff cannot access evidence essential to prove a claim in an alternative forum."  Eurofins Pharma, 623 F.3d at 161 n.14 (citing Lacey v. Cessna Aircraft Co., 932 F.2d 170, 191 (3d Cir. 1991) ("Lacey II")).  Here, Plaintiffs' expert explained that the Peruvian Civil Procedural Code only allows for Plaintiffs to testify if Newmont so requests; otherwise, Plaintiffs must make representations to the court exclusively through their complaint.  In response, Newmont's expert avers that Plaintiffs may present a declaration to the Peruvian courts in connection

_____

[7] For example, the Prosecutor's Report shows that just eight of the 330 cases investigating judicial corruption originated in Cajamarca and does not mention any potential wrongdoing by Newmont.

8

with their claims. Newmont also points out that Cajamarca's courts have treated Plaintiffs' statements in their complaints as their testimony in prior cases and have also relied on the reports of their experts, so this critical evidence has adequately been placed before the courts. On this record, therefore, we cannot conclude that the District Court erred by finding that the Peruvian judicial system will not prevent Plaintiffs from presenting essential evidence in their case. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 251 (1981) (holding when determining if a foreign forum is adequate, a district court is not obligated to "conduct[] complex exercises in comparative [international] law"); STM Grp., Inc. v. Gilat Satellite Networks Ltd., No. SACV 11-0093 DOC (RZx), 2011 WL 2940992, at *3-5 (C.D. Cal. July 18, 2011) (finding Peru is an adequate forum despite the Peruvian system not affording access to all pre-trial discovery tools because, among other things, it "provide[s] opportunities to conduct discovery . . . . [including] the ability to subpoena and compel witness testimony and document production, and parties are able to appeal a court's discovery decisions"); cf. Figueiredo Ferraz E Engenharia de Projeto Ltda. v. Republic of Peru, 665 F.3d 384, 390-91 (2d Cir. 2011) (finding Peru to be an adequate forum even though Peruvian law might be less favorable and "plaintiff might recover less").[8]

### III

For the foregoing reasons, we will affirm, as modified, the District Court's order dismissing Plaintiffs' complaint.

---

[8] Plaintiffs also argue that the District Court erred by failing to require that Newmont waive any statute of limitations defenses. In its briefing, Newmont consented

9

to such a condition and this representation is binding on Newmont.  See Trotter v. 7R Holdings LLC, 873 F.3d 435, 443 (3d Cir. 2017) ("[A] reviewing court may properly consider the representations made in the appellate brief[s] to be binding as a form of judicial estoppel." (quoting EF Operating Corp. v. Am. Bldgs., 993 F.2d 1046, 1050 (3d Cir. 1993))).  To ensure this representation is memorialized with the other conditions, we will modify the District Court's order to include this condition.  See Leon, 251 F.3d at 1316 (modifying conditions of dismissal to include five concessions).